cat / div S30/2241 / MIA
Case # _____
Judge _____ Mag REID
Motn Ifp YES  Fee pd $ 0
Receipt # _____

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN**

**DISTRICT OF FLORIDA**

FILED BY PG D.C.

APR 13 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

In the Matter of:

<u>JOSE PEREDA VARGAS</u>

   Petitioner

   vs.

Civil Action No _____

A#022-799-405

Petition for A: **_Writ of Habeas Corpus_**

<u>U.S. Attorney General: WILLIAM BARR</u>

   Respondent

U.S Attorney General) et al.,

John Kelly

   (Secretary   D.H.S.)

pursuant To 28 U.S.C 2241

Petition For A **_Writ of Habeas Corpus_**.

PURSUANT TO 28 U.S.C. 2241

Petitioner <u>JOSE PEREDA VARGAS</u> appearing pro se, hereby petitions this court for a writ of habeas corpus and seeks declaratory and injunctive relief review the lawfulness of his detention by the United States Department Of Homeland Security, Immigration and Customs Enforcement (ICE) for more than **90 days** because ICE has been unable to deport him to his native country of citizenship and this is the **ONE** time he is going through the 90 day review process.

In support of this petition and complaint, petitioner alleges as follows:

**CUSTODY:**

Petitioner is in the physical custody of respondents and U.S. Immigration and Customs Enforcement (ICE). Petitioner is detained at the KROME SERVICE PROCESSING CENTER IN MIAMI, FL, pursuant to a contractual agreement with the Department of Homeland Security. Petitioner is under the direct control of respondents and their agents.

1

## *JURISDICTION:*

This action arises under the United States constitution, the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. 1101 et seq. (The Act), and the administrative procedure Act, 5 U.S.C. 701 et seq. (the APA).

Jurisdiction exists in this court pursuant to 28 U.S.C. 2241 et seq, 28 U.S.C. 1331, the APA, 5 U.S.C 701 et seq, the Declaratory Judgment Act, 28 U.S.C. 2201 et seq, and the All writs Act, 28 U.S.C. 1361. The federal Question statue 28 U.S.C & 1331, Bivens-vs.- six Unknown Federal Narcotic Agents, 403 US 388 91 s.ct. 199, 29 led 2d 619 (1971) and the Declaratory Judgment statute

Petitioner has exhausted any and all administrative remedies to the extent required by law.

## *VENUE:*

Venue in this district is proper under 28 U.S.C. 1391. Because the officer in charge who makes custody decisions in petitioner's case is located within this judicial district, venue lies in the United States district court for the Southern District of Florida the judicial district in which petitioner is currently detained.

## *PARTIES:*

*Petitioner is a native and citizen of __CUBA__ . Petitioner was picked up by DHS/on* December 11, 2019 *and was detained. Respondent has gone through the* 90 day review *process* 1 times *while he was detained. The respondent was taken into custody this time on* March 10, 2020 *and has remained in their custody continuously since that date.*

*Respondent* WILLIAM BARR *issued in his official capacity as the attorney general of the United States and is responsible for the administration of D.H.S/ICE and the implementation and enforcement of the Immigration and Naturalization Act (INA). As such, Mr.* WILLIAM BARR *has ultimate custodial authority over petitioner.*

*Respondent Aldo Martin issued in his official capacity as the officer in charge at the Krome Detention Center in Miami, Florida. In his capacity he maintains responsibility over the day to day operations at Krome Detention Center in Miami, Florida where petitioner is presently detained by ICE.*

*Respondent John Kelly issued in his official capacity as secretary of the Department of Homeland security. In his capacity he is responsible for the administration of the immigration laws pursuant to 8U.S.C. 1103(a) and has ultimate custodial authority over petitioner.*

## *FACTS:*

1. Petitioner, <u>JOSE PEREDA VARGAS</u> is a native of CUBA.

2. Petitioner first entered the United States on or about April <u>15, 1980.</u>

3. An immigration judge Ordered Removal/Deportation in <u>July 21, 1987</u>.

4. Petitioner was taken into custody this time on <u>December 11, 2019</u> and has remained in custody.

5. Petitioner has not been on supervision but is willing to comply with all requirements...

6. Petitioner has cooperated fully with all efforts by ICE to remove petitioner from the United States. Specifically, petitioner voluntarily provided identity documents.

7. To date however ICE has been unable to remove/Deported petitioner to any country.

8. Petitioner has maintained good behavior while in detention, and has abided by all rules and regulations

9. Petitioner's has been through the 90 day review process detained <u>1</u> time(s) at which time petitioner is still in custody.

10. If released petitioner will reside at <u>1603 NW 7 AVE Miami FL 33136</u> where his family awaits for his release.

11. Petitioner has family ties in the community and friends.

12. Petitioner does not pose a danger to the community.

13. Petitioner is not a flight risk.

14. Petitioner will report and comply with all rules and regulations of supervision.

3

## CLAIMS FOR RELIEF:

**COUNT ONE**

**(Detention in violation of the statute and Regulations)**

**Petitioner repeats and re-alleges the allegations as described above as though set forth fully herein.**

**Section 241 of the immigration and Nationality Act permits the detention of an alien with a final order of removal for a period of 90 days. In the case K. Rosati (supra note 48, at 531-32) argues that individuals granted deferral or Deportation should be eligible for release under supervision pursuant to INA 241(a)(3) and 8 CFR 241.3 to 241.5 after their 90 day removal period has expired.**

(a) An Alien who has been detained beyond the presumptive 90 days should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See AGBADO vs. John Ashcroft, 2002 U.S. Dist. LEXIS 15797 (D. Mass. AUGUST 22, 2002)

Because there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify petitioners continues detention. Petitioner must be released under ICE supervision.

**COUNT TWO**

**(Substantive Due Process Violation)**

Petitioner repeats and re-alleges the allegations set forth in paragraphs' 1 through 15 above as though set forth fully herein.

As a person in the United States, petitioner is protected by the Due process clause of the Fifth Amendment. ICE has detained petitioner for more than ninety (90) days since the issuance of his final order of removal. There is no significant likelihood that petitioner's removal will occur in the reasonably foreseeable future. Petitioner does not pose any danger to the community or is petitioner a flight risk, and no special circumstances exist to justify his continued detention. As petitioner is not justified and violates substantive due process. See Zadvydas, 533 U.S at 690-91.

## COUNT THREE

### (PROCEDURAL DUE PROCESS VIOLATION)

*Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained. Petitioner in this case has been denied that opportunity. There is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision that violates Martinez. See generally 8 C.F.R. 212.12. A number of courts have identified a substantial bias within ICE towards the continued detention of aliens, raising the risk of an erroneous deprivation to constitutionally high levels. See, e.g., Phan v. Reno, 56 F. Supp. 2d 1149, 1157 (W.D. Wash. 1999) ("INS does not meaningfully and impartially review the Petitioners' status."); St. John v. McElroy, 917 F. Supp. 243, 251 (S.D.N.Y. 1996) ("Due to political and community pressure, INS, an executive agency, has ever incentive to continue to detain aliens with aggravated felony convictions, even though they have served their sentences, on the suspicion that they may continue to pose a danger to the community."); see also Rivera v. Demore, No. C99-3042 THE, 199 WL521177, \*7 (N.D.Cal. Jul. 13, 1999) (procedural due process requires that aliens release determination be made by impartial adjudicator due to agency bias).*

1. After three months the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonable forseeable future" see Zhou v Farquharson, 2001 US Dist Lexis 18339\*2\*3 (D. mass Oct 19, 1001) (Quoting and summarizing Zadvydas).

2. Moreover for detention to remain reasonable, as the period of prior post removal confinement grows, What counts as the "reasonably foreseeable future" conversely would have to shrink" Zadvydas, 533 US at 701. ICE"s administrative regulations also recognize that the HQPDU has a 3 month period for determining whether there is a significant likelihood of an alien's removal in the reasonable foreseeable future. See 8 CFR §241.4 (k)(ii).

3. An alien who has been detained beyond the presumptive three months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to

accept the particular individual in question. See Agbada v. John ascroft 2002 US dist. lexis 15979 (d. mass, August 22, 2002)(court "will likely grant" Habeas petition after fourteen months if ICE is unable to present document confirmation that the Nigerian government has agreed to (petitioners)repatriation") Zhou, 2201, US Dist Lexis 19050 at *7(WD. Wash, February 28, 2002) (government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future.

4. U.S. Immigration laws permit the INS to detain aliens following a final order of deportation. See 8 U.S.C. 1231 (West 2002). Sections 1231 (a)(1) and (2) of 8 U.S.C. provide that the United States Attorney General shall remove and detain an alien within the "removal period", which is generally ninety days. The beginning date of a removal period can vary; in petitioner's case, the removal period began around **July 21, 1987**. See U.S.C. 1231(a)(1)(B)(iii). Rough calculations tell us his ninety-day removal period ended at the end of **March 10, 2020** see Zhou v. Farquarson, 2001 US Dist Lexis 18339 *2*3 (D. mass Oct 19, 2001) (quoting and summarizing Zadvydas).Petitioner was detained by I.C.E. this time on December 11, 2019 and **deported on July 21, 1987**.the 90 day review process ended on **March 10, 2020**.

5. Zadvydas, 533 U.S. at 699700. Thus, on remand the Ninth Circuit clarified that its conclusion that there was no likelihood of Mass removal in the foreseeable future was based not only on the fact that there was no existing or pending repatriation agreement, but also on the fact that there was an insufficient showing that the future negotiations were likely to lead to a repatriation agreement within the reasonable foreseeable future. Ho Ma v. Ashcroft, 257 F. 3d 1095, 1099 (9th Cir. 2001).

6. Petitioner need not make a showing that removal is impossible. See Zadvydas, 533 U.S. at 702 (rejecting this requirement of the Fifth Circuit Zadvydas court). Although some possibility of removal may exist, Petitioner's period of post-final-order detention has been sufficiently long such that a remote, no-specific possibility does not satisfy Respondent's burden. See Mohamed v. Ashcroft, 2002 U.S. Dist. LEXIS 16179, at *3 (W.D. Wash Apr. 15, 2002) (adopting magistrate judge's finding that government did not meet Zadvydas burden because it provided no information regarding how or when it expected to obtain documents or cooperation from foreign government). Petitioner has shown there is no significant likelihood of his removal in the reasonably foreseeable future. Respondents have thirty days to remove the Petitioner from the country. If Respondents cannot remove the Petitioner from the country within thirty days, Petitioners writ of habeas corpus will issue and Petitioner shall be released on conditions suitable to the INS, which may include those set forth in 8 C.F.R. 241.5.

***PRAYER FOR RELIEF***

WHEREFORE, petitioner prays that this honorable court to grant the following relief:

1. Assume jurisdiction over this matter, declaring that petitioner continued detention is not authorized by the INA and /or violates the Fifth Amendment;

2. Issue a writ of habeas corpus directing Respondent immediately release petitioner from custody

3. Order respondents to refrain from transferring the Petitioner out of the Jurisdiction of ICE Middle District during the pendency of these proceedings and while the petitioner remains in Respondent's custody; and

4. Award Petitioner attorney's fees and costs under the Equal access to Justice Act("EAJA"), as amended, 5 U.S.C. 504 and 28 U.S.C. 2412, and on any other basis justified under law; and

5. Grant any other and further relief this court may deem appropriate.

I swear under the penalty of perjury that the above text is true to the best of my knowledge.

**By:** _____

*JOSE PEREDA VARGAS* pro'se

A# 022-799-405

KROME SERVICE PROCESSING CENTER

18201 SW 12th Street

MIAMI, FL, 33194

Jose Pereda Vargas.
A#022-799-405.
KROME SERVICE PROCESSING CENTER.
18201 SW 12 th STREET
MIAMI. FL, 33194.

MIAMI
FL 331
08 APR '20
PM 6 L

$0.65
US POSTAGE
FIRST-CLASS
062S000968407
3319

CLERK OF COURTS
*U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF FLORIDA*
*400 North MIAMI AVE*
*MIAMI, FL 33128.*

*LEGALMAIL*

33128-771699